No. 23,910.

HADDAM STATE BANK, *Appellee,* v. C. I. McHENRY, *Appellant.*

SYLLABUS BY THE COURT.

1. REPLEVIN—*Chattel Mortgaged Property—Subsequent Contract—Right of Possession.* It is held that several chattel mortgages were not superseded by a written contract in which the mortgagee gave the mortgagor the use of the property, and that the mortgagor was not given an absolute right of possession extending beyond the time at which the mortgagee demanded the return of the property.

2. SAME. Various trial rulings are held not to afford a basis for reversal.

Appeal from Washington district court; JOHN C. HOGIN, judge. Opinion filed March 10, 1923. Affirmed.

*Lee Monroe, Guy L. Hursh, C. M. Monroe,* and *Walter T. Chaney,* all of Topeka, for the appellant.

*Charles L. Hunt,* and *C. J. Putt,* both of Concordia, for the appellee.

The opinion of the court was delivered by

MASON, J.: On January 11, 1921, the Haddam State Bank, claiming under three chattel mortgages, two bills of sale given for security, and a written contract between the parties hereto, brought replevin against C. I. McHenry for property including live stock, farm machinery, corn and fodder. It recovered, and the defendant appeals.

1. The principal contention of the defendant is that under the petition and the evidence the plaintiff was not entitled to the possession of the property at the time the action was brought, because the written contract referred to gave him the right to hold it until February 28, 1921. That contract was entered into April 23, 1920. It recited that the bank owned the property in question by virtue of the last of the two bills of sale; that the defendant was indebted to it; that it had made a new loan to him; and that a part of the consideration moving from the plaintiff to the defendant was the "use of the above-mentioned personal property"—that here in controversy. Other provisions showed that it was in contemplation that the defendant should use the property on his farm, where he agreed to "use his best efforts to raise and harvest the crops on all tillable land." The proceeds after the payment of certain expenses including an allowance of $50 a month to the defendant, were to go to the bank, first in payment of $3,200 loaned on the last bill of sale, and then to apply on other indebtedness. The contract contained this paragraph, on which the defendant particularly relies:

"All personal property, including crops, not otherwise disposed of shall be sold at public auction during or before the month of February, 1921, and the avails thereof distributed according to the terms of this contract except the hogs, sheep or cattle (other than milk cows) may by mutual consent be sold to the best advantage prior to that time."

The defendant asserts that this contract superseded the chattel mortgages and the bills of sale, which were in effect chattel mortgages, and gave him the right of possession until the last of February. We do not accept this view. The bank under its mortgages, although entitled to take possession by reason of the defendant's default, was under no obligation to assert that right at any particular time. We think the contract merely contemplated forbearance in that regard, to give opportunity for the property to be used to advantage in the hope of its paying out, the defendant's right of possession, if at any time absolute as against the bank, lasting no

longer than until the end of the cropping season, and at all events not extending through February, since the provision above quoted referred to a sale at auction "during or before" that month.

2. In the contract the defendant agreed that he would not allow the live stock to run at large or molest neighbors or others. Testimony was given that he allowed hogs and sheep to trespass on adjoining property. He complains of its admission on the ground that no breach by him of this provision was pleaded. It does not appear that he suffered any prejudice from the condition of the pleadings in this regard, or that he was injured by the variance. (Gen. Stat. 1915, § 7026.)

The jury were told that the bill of sale was a mortgage and that under the chattel mortgages the bank was entitled to take possession of the property if it deemed itself insecure. The defendant complains of these instructions on the ground that they imply that the bank was entitled to take possession under its bill of sale if it deemed itself insecure, whereas "a mortgagee of personal property has no authority to take possession of the mortgaged property before the maturity of the indebtedness unless by the express terms of the mortgage itself the right to take possession when the mortgagee deems himself insecure is specifically provided for." The statute provides, however, that "in the absence of stipulation to the contrary, the mortgagee of personal property shall have the legal title thereto, and the right of possession." (Gen. Stat. 1915, § 6501.)

An instruction was given to the effect that other property may, by agreement of the parties, be substituted for some of that included in a chattel mortgage, and thereby become subject to the lien. Complaint is made of this on the ground that no substitution had been alleged. We do not discover that the silence of the petition in that regard resulted in any actual prejudice.

A further instruction was given that "where a mortgagor purposely or negligently commingles the mortgaged goods with like goods of his own without the consent of the mortgagee so that the part covered by the mortgage cannot be identified and separated from the rest, the mortgagee may hold the whole of such commingled and confused property under his mortgage." This is objected to on the ground that the commingling of the mortgaged property with other property of like nature must have been contemplated, because the defendant was operating a farm where he necessarily had live stock, farming implements, crops and grain, and that the duty rested on

the bank so to describe the property in the mortgage that it could be identified from the information there afforded. The instruction refers only to intentional or negligent commingling, and for that reason is not open to the objection.

The judgment is affirmed.